**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RAYMOND GRAVES, | CASE NO. 1:15CV0218 |
| Petitioner, | JUDGE JEFFREY J. HELMICK |
| v. | MAGISTRATE JUDGE VECCHIARELLI |
| MARGARET BRADSHAW, Warden, | |
| | **REPORT AND RECOMMENDATION** |
| Respondent. | |

This 28 U.S.C. § 2254 petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the Court is the petition of Raymond Graves ("Graves" or "Petitioner"), for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction and sentence in the case of *State of Ohio vs. Graves*, Ashland County Court of Common Pleas Case No. 13-CRI-019. For the following reasons, the magistrate judge recommends the petition be DISMISSED.

## I. Introduction

The state appellate court that affirmed Graves' conviction and sentence noted the following facts:

> {¶ 2} Appellant was convicted of four counts of rape in 1985. He was released from prison in August, 2003, and notified of his duty to register as a sex offender.
>
> {¶ 3} In April of 2011, appellant began living in a trailer owned by his employer, Thomas Butler. Appellant registered this address with the Ashland County Sheriff's Department. Appellant moved out of the trailer in December of 2011, without notifying the Sheriff's Department.

> {¶ 4} In March of 2012, Deputy Randy Wood learned that appellant had changed his address. Dep. Wood and the Adult Parole Authority searched for appellant for several weeks. Appellant was arrested in April, 2012, for violating the conditions of his post-release control. Appellant admitted to his supervising officer and to Dep. Wood that he had changed his residence address.

*State v. Graves*, Case No. 13-COA-033, 2014 WL 1917450, at *1 (Ohio Ct. App. 5th Dist. May 12, 2014).[1]

## II. State-Court Proceedings

### A. Trial-Court Proceedings

On May 24, 2012, the Ashland County Grand Jury indicted Graves for failure to register notice of a change of address. *Id.* Graves moved to dismiss the indictment based on a recent, controlling Ohio Supreme Court decision in *State v. Howard*, 134 Ohio St. 3d 467, 2012-Ohio-5738 (Ohio 2012). *Id.* The State dismissed the 2012 indictment and presented the case to the Ashland County Grand Jury a second time. *Id.*

The Grand Jury indicted Graves again on February 21, 2013, on one count of failure to register notice of change of address in violation of Ohio Rev. Code § 2950.05(E)(1), a third-degree felony. (Doc. No. 4-3.) At the State's request, the trial

---

[1] In 2008, Petitioner was charged with Failure to Register Notice of Change in Address in violation of Ohio Rev. Code § 2950.05(F)(1) based on his failure to notify the Sheriff of his change of address in 2007 and 2008. *See State v. Graves*, Ashland County Court of Common Pleas Case No. 08-CRI-042. Petitioner has filed a separate habeas petition in this Court attacking his conviction and sentence in that case. *See Graves v. Bradshaw*, Case No. 1:14CV2697 (N.D. Ohio) (Adams, J.) A Report & Recommendation in Case No. 1:14CV2697 is being issued contemporaneously with the instant Report & Recommendation. Petitioner's two habeas actions are not duplicative because they challenge separate state court convictions and sentences.

court amended the indictment on April 12, 2013, to expand the time period for the charged offense. (Doc. No. 4-4.)

A jury trial commenced on July 9, 2013. (Doc. No. 4-9 at 1.) On July 11, 2013, the jury found Graves guilty as charged. (Doc. Nos. 4-5, 4-7.)

The trial court conducted a sentencing hearing on September 16, 2013. (Doc. No. 4-12.) It sentenced Graves to a three-year term of incarceration, with a credit of 268 days for time previously served, and up to three years of post-release control. (*Id.* at 14-15; Doc. No. 4-8.)

**B.  Direct Appeal**

Graves, through new counsel, filed a timely notice of appeal in the court of appeals on October 17, 2013. (Doc. No. 4-13.) In his appellate brief, Graves asserted the following assignments of error:

1. The trial court erred when it imposed the maximum sentence.

2. The trial court erred in sentencing Appellant to the maximum sentence in prison imposing an unnecessary burden on state and local resources.

3. Appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

(Doc. No. 4-15 at 2.) The State responded on February 10, 2014. (Doc. No. 4-16.) Graves replied to the State's response, withdrawing his third assignment of error because Graves "may wish to assert this argument as part of a motion for post-conviction relief and does not want this direct appeal on the issue to create *res judicata*." (Doc. 4-17 at 3.)

The state appellate court affirmed Graves's conviction and sentence on May 12,

2014. *See Graves*, 2009 WL 1917450, at *4. (Doc. No. 4-18 at 10.)

Graves filed a timely *pro se* notice of appeal in the Ohio Supreme Court on June 25, 2014. (Doc. No. 4-20.) Graves did not clearly state his claims in his memorandum in support of jurisdiction, but he appears to have raised the following three propositions of law:

1. Both trial and appellate counsel provided ineffective assistance by failing to argue that the Double Jeopardy Clause barred his indictment and that his indictment was constitutionally defective because it did not provide notice of a *mens rea* element to his offense.

2. The trial court erred in imposing a maximum sentence.

3. The second indictment in 2013 violates the Double Jeopardy Clause.

(Doc. No. 4-21 at 7-8, 9-10, 11.) The State responded on July 14, 2014. (Doc. No. 4-22.)

The Ohio Supreme Court declined jurisdiction of the appeal on September 24, 2014. (Doc. No. 4-23.) Graves did not further appeal that judgment.

**C.     Post-Conviction Petition**

Graves filed a timely *pro se* petition for post-conviction relief in the trial court on March 6, 2014. (Doc. No. 4-24.) Liberally construing his petition, Graves appears to have raised the following claims:

1. Trial and appellate counsel provided constitutionally ineffective assistance when trial counsel failed to move to suppress a statement Graves made to police during which his *Miranda* rights were violated and appellate counsel failed to raise that issue on appeal; when trial counsel failed to move to excuse two biased jurors and appellate counsel failed to raise that issue on appeal as well; and when appellate counsel improperly withdrew his ineffective-assistance claim.

2. Trial and appellate counsel provided constitutionally ineffective assistance when trial counsel failed to object to the defective indictment and appellate

4

>   counsel failed to raise that issue on appeal.
>
> 3. The trial court erred by imposing a sentence that violated the Double Jeopardy, Due Process, and Equal Protection Clauses, and *ex post facto* laws.
>
> 4. The trial court violated his speedy trial rights.

(*Id.*) The State opposed Graves' petition on March 13, 2014. (Doc. No. 4-25.) The court denied the petition as meritless on March 20, 2014. (Doc. No. 4-26.) Graves did not appeal the trial court's judgment.

### III. Proceedings in this Court

On February 3, 2015, Graves, *pro se*, filed a petition for writ of habeas corpus in this Court challenging his 2013 conviction and sentence in *State v. Graves*, Ashland County Court of Common Pleas Case No. 13-CRI-019. (Doc. No. 1.) He asserts the following three grounds for relief:

> 1. [The] trial court erred when it imposed the maximum sentence.
>
> 2. The trial court erred in sentencing [Graves] to the maximum sentence in prison[,] imposing an unnecessary burden on state and local resources.
>
> 3. [Graves] was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the [Ohio Constitution].

(*Id.* at 5, 7, 8.)

Respondent filed a return of writ on May 18, 2015 (Doc. No. 4), to which Graves responded on June 18, 2015 (Doc. No. 7).

Graves filed a motion for default judgment on May 26, 2015, on the ground that Respondent had failed to file an answer and return of writ within the prescribed time period. (Doc. No. 5.) Respondent opposed the motion. (Doc. No. 6.) This Court

5

denied the motion because Respondent had, in fact, filed her return of writ in a timely manner. (Doc. No. 8.)

On June 16, 2016, the Court ordered the parties to file supplemental briefing regarding the sole issue of whether, for purposes of § 2254(a), Graves was "in custody" under the conviction and sentence under attack herein, at the time he filed the Petition in this case. (Doc. No. 11.) Respondent and Graves filed their supplemental briefs on June 24, 2016 and June 27, 2016, respectively. (Doc. Nos. 12, 13.)

### IV. Procedural Issues

**A.** **Jurisdiction**

A state prisoner may file a federal habeas petition only in "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Ashland County, Ohio, sentenced Petitioner. (Doc. No. 4-8.) Ashland County is within this Court's geographic jurisdiction. *See* 28 U.S.C. § 115(a).

In addition, federal courts may entertain a habeas corpus petition only if the petitioner is "in custody pursuant to the judgment of a State court" and claims to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has interpreted this "in custody" requirement to mean "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). Once a federal court is

6

vested with jurisdiction over a habeas petition, it is not divested if the petitioner is released from state custody before the habeas proceedings are completed. *Carafas,* 391 U.S. at 238. *See also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Spencer was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires.").

Furthermore, the Supreme Court has held that a habeas petitioner's subsequent release from custody before his petition is fully adjudicated does not cause the petition to be moot because it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Carafas*, 391 U.S. at 237-38. *See also Spencer*, 523 U.S. at 7 ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit.") (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478 (1990)); *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") "In recent decades, [the Court has] been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur)." *Spencer,* 523 U.S. at 8. A habeas petitioner, for example, often "cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election . . . ; he cannot serve as a juror." *Carafas*, 391 U.S. at 237. *See also Gentry v. Deuth*, 456 F.3d 687, 693-94 (6th Cir. 2006) (noting line of Sixth Circuit cases following *Carafas* and holding that a habeas action is not mooted by petitioner's release from custody, because

7

"collateral consequences" still may result from the conviction attacked).

The rule is different, however, where a habeas petitioner is attacking his *sentence* rather than the *conviction*. "Post-release habeas petitions challenging the conditions of confinement are almost necessarily moot, for courts normally cannot offer any habeas redress in such circumstances." *Gentry*, 456 F.3d at 694. The Supreme Court has observed,

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.

*Spencer*, 523 U.S. at 7 (citation omitted).

Here, Respondent acknowledges Graves was "in custody" for purposes of §2254(a) when he filed his petition in this case. (Doc. No. 12.) Specifically, Respondent states Graves was incarcerated on September 20, 2013 pursuant to a judgment entered in Ashland County Court of Common Pleas Case No. 13-CRI-019, and was released on September 28, 2015 at the expiration of his stated term. (*Id.*) Respondent further explains that, "following a May 4, 2015 assessment, it was decided that Graves will not be placed on post release control after completing his term of incarceration." (*Id.*) Thus, Respondent maintains Graves was "in custody" when he filed the instant petition on February 3, 2015, as his sentence did not expire until his release on September 28, 2015. (*Id.*)

Based on the above, the Court agrees Graves was "in custody" when he filed this

8

habeas petition attacking his conviction and sentence in Ashland County Court of Common Pleas Case No. 13-CRI-019. This Court's jurisdiction, therefore, vested over Graves' petition. Since filing his petition, however, Graves was released from prison and was not placed on post-release control. (Doc. No. 12.) He is, therefore, no longer under any form of state custody or supervision relating to his conviction in Case No. 13-CRI-019. Although not directly argued in Graves' *pro se* supplemental brief, the Court will assume that Graves continues to experience "collateral consequences" as a result of this conviction.

Accordingly, the Court finds his release from state custody does not defeat this Court's jurisdiction over his first ground for relief, which attacks the constitutionality of his conviction. *Carafas*, 391 U.S. at 238. Graves' second and third grounds for relief, however, relate only to his sentence in Case No. 13-CRI-019. As the parties agree that this sentence expired on September 28, 2015, it is recommended that Grounds Two and Three be dismissed as moot.

**B.      Exhaustion and Procedural Default**

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. *See* 28 U.S.C. § 2254(b) and (c); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *See Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990). If any state procedures for relief remain available, the petitioner has not exhausted his state remedies, and,

9

generally, a federal court must dismiss his petition. See *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Where, however, there are no longer any state court remedies still available to a petitioner with respect to a particular claim, this Court may deem that claim procedurally defaulted. See *Gray v. Netherland,* 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' *Engle v. Isaac,* 456 U.S. 107, 125, n.28 (1982), it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law,' *Castille*[, 489 U.S. at 351].").

Generally, a federal court must decline to review "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977). When a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

If the State argues that a petitioner has procedurally defaulted a claim, the Court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and

independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986).

### 1. Petitioner's Third Ground for Relief

In Graves' third ground for relief, he asserts several instances of ineffective assistance of trial and appellate counsel. (Doc. No. 1-1 at 12-13.) Graves does not provide a clear statement of these claims in his petition, much less detailed factual or legal arguments to support them. Nevertheless, the Court liberally construes his claims as follows:

1. Trial counsel failed to move to suppress a statement Graves made to police during which his *Miranda* rights were violated.

2. Trial counsel failed to subpoena any witnesses for trial, including Graves' co-workers and family members, who could have supported his defense.

3. Trial counsel failed to present an "entrapment" defense at trial.

4. Appellate counsel failed to raise on appeal claims of ineffective assistance of trial counsel, manifest weight of the evidence, or sufficiency of the evidence.

11

(*Id.*)[2] Respondent argues that Graves' third claim for relief is procedurally defaulted.[3] (Doc. No. 4 at 16-17.) The Court agrees.

Graves raised his trial and appellate counsel ineffective-assistance claims relating to his police statement to the trial court in his post-conviction petition. (Doc. No. 4-24 at 2.) The court denied the petition as meritless. (Doc. No. 4-26.) Graves did not appeal that judgment, however, and no longer can do so. *See State v. Nichols,* 11 Ohio St. 3d 40, 42 (Ohio 1984) (delayed appeal under Ohio Appellate Rule 5(A) is not available in post-conviction proceedings). Graves, therefore, did not "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). And because there are no state-court remedies available to Graves to exhaust these claims, they are deemed procedurally defaulted. *Gray*, 518 U.S. at 161–62.

Graves did not raise his other two trial counsel ineffective-assistance claims – concerning counsel's failure to present any witnesses and an entrapment defense – in state court at all. Although, as noted above, the exact nature of these claims is unclear,

---

[2] In his Traverse, Graves asserts additional claims of ineffective assistance of trial counsel and appellate counsel. (Doc. No. 7 at 5-7.) However, habeas courts may decline to address claims first raised in a petitioner's traverse rather than in his habeas petition. *See, e.g., Jalowiec v. Bradshaw*, 657 F.3d 293, 311-12 (6th Cir. 2011).

[3] Respondent also addresses ineffective-assistance claims not asserted in Graves' petition, apparently assuming Graves' habeas petition presents the same ineffective-assistance claims that Graves raised in his state post-conviction petition. (*See* Doc. No. 4 at 22-23.) As will be explained below, however, Graves asserted only one of the ineffective-assistance claims from his post-conviction petition – relating to his police statement – in his habeas petition.

it does not appear that Graves has any state-court remedy still available to him in which to assert them. He does not present any factual, procedural, or legal argument indicating that he could satisfy Ohio's filing deadlines, post-conviction procedures, and *res judicata* rules. *See* Ohio R. Crim. Proc. R. 33(B) (defendant may be entitled to new trial after deadline for filing motion for new trial if he was "unavoidably prevented" from filing motion or there is "newly discovered evidence"); Ohio Rev. Code § 2953.21(A)(1) (second, successive, or untimely post-conviction petition permitted if petitioner shows: (1) that he was "unavoidably prevented from discovery of the facts" of the claim, or the claim is based on a new federal or state right the Supreme Court has recognized that applies retroactively; *and* (2) but for constitutional error at trial, no reasonable factfinder would have found petitioner guilty of offense or eligible for death sentence); *Hanna v. Ishee*, 694 F.3d 596, 613-14 (6th Cir. 2012) (recognizing that Ohio's post-conviction statute codifies Ohio's *res judicata* rules, which generally bar courts from considering any issue that could have been, but was not, raised on direct appeal, unless the claim relies on evidence outside the record). Thus, Graves' second and third trial counsel ineffective-assistance sub-claims, as listed above, also are procedurally defaulted. *O'Sullivan,* 526 U.S. at 848; *Gray,* 518 U.S. at 161–62.

Graves' claims of ineffective assistance of appellate counsel also are procedurally defaulted. Graves did not raise these claims in his direct appeal or in an application to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B), Ohio's "separate collateral opportunity" to raise appellate counsel ineffective-assistance claims. *Goldberg v. Maloney*, 692 F.3d 534, 537 (6th Cir. 2012). Rule 26(B) requires that applications be made within ninety days from journalization of the appellate judgment

13

absent a showing of good cause. Ohio App. Proc. R. 26(B)(1). Nearly two years has passed, however, since the Ohio Supreme Court issued its final order in Graves' direct appeal (*see* Doc. No. 4-23), and Graves has offered no cause for his delay in seeking to reopen the appeal to raise these claims. This remedy, therefore, is no longer available to him, and Graves' appellate counsel ineffective-assistance claims are procedurally defaulted. *See State v. Reddick,* 72 Ohio St. 3d 88, 90 (Ohio 1995) (Rule 26(B) was not "intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals. Rather, both were intended to allow the belated presentation of colorable claims that defendants/appellants were prevented from presenting timely by particular circumstances. Lack of effort or imagination, and ignorance of the law, are not such circumstances and do not automatically establish good cause for failure to seek timely relief."); *Goldberg*, 692 F.3d at 538 (finding habeas petitioner procedurally defaulted appellate counsel ineffective-assistance claim by failing to file a Rule 26(B) application and offering no cause for a delayed application, even though he had raised the claim in a jurisdictional appeal to the Ohio Supreme Court); *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002) (holding that failure to establish good cause to excuse an untimely Rule 26(B) application is an adequate state procedural ground to bar federal habeas review); *Sowards v. Attorney General of Ohio*, No. 2:11CV954, 2012 WL 4051238, at *7 (S.D. Ohio Sept. 13, 2012) (finding that, while petitioner "fail[ed] to exhaust the state remedy of seeking to reopen his appeal, because any such attempt to file a Rule 26(B) motion at this point would be procedurally barred under Ohio law, he has procedurally defaulted his ineffective assistance of appellate counsel claim for

14

purposes of habeas relief").

Moreover, Graves does not offer any argument regarding either the cause for, or prejudice resulting from, his procedural default of any of these ineffective-assistance claims.[4] Nor does he contend that he is actually innocent such that this Court should excuse his procedural default. Accordingly, each of Graves' claims of ineffective assistance of counsel is procedurally defaulted and barred from federal habeas review.[5]

## V. Conclusion

Accordingly, and for all the reasons set forth above, it is recommended that the

---

[4] Graves does mention in his traverse that his appellate counsel's ineffectiveness was cause for the procedural default of the ineffective-assistance claim he raised on direct appeal, because counsel withdrew that claim against his wishes. (Doc. No. 7 at 6-7.) That claim, however, was based on an alleged speedy trial violation, and Graves did not raise that particular ineffective-assistance claim in his petition. (*See* Doc. 4-15 at 18-19.)

[5] Even if Graves' ineffective-assistance claims were ripe for habeas review, they would fail. The evidence of Graves' guilt adduced at trial was overwhelming. Graves stipulated that he had been convicted of rape in 1985 and that after his release from prison in August 2003, and for the following ten years, he was required to register as a sex offender. In April 2011, Graves began living in his employer's trailer, and he registered that address with the Ashland County Sheriff's Department. Graves' employer testified, however, that Graves moved out of the trailer in December 2011. And Graves himself admitted to the police that he had left that address and lived at two other addresses since that time. Graves did not register a new address, however, or provide advance notice of his moves as required. *See Graves*, 2014 WL 1917450, at *1. (*See also* Doc. No. 4-10 at 160-61.) Graves, therefore, cannot demonstrate that he was prejudiced by his counsel's performance, an essential element of claims of ineffective assistance of both trial and appellate counsel, such that the result of his trial or direct appeal would have been different had his counsel performed differently. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (to establish ineffective assistance of counsel, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different"); *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (*Strickland*'s test for ineffective assistance of trial counsel applies to claims of ineffective assistance of appellate counsel).

15

petition be DISMISSED.


Date: June 30, 2016                                /s/ Nancy A. Vecchiarelli
                                                    United States Magistrate Judge


### **OBJECTIONS**

     Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.

16