UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Raymond Graves,                                      Case No.  1:15-cv-218

        Petitioner

    v.                                                              MEMORANDUM OPINION

Maggie Bradshaw,

        Respondent

This matter is before me on the June 30, 2016 Report and Recommendation of the Magistrate Judge.  (Doc. No. 14).  Petitioner Raymond Graves filed for a writ of habeas corpus under 28 U.S.C. § 2254.  The Magistrate Judge recommends the petition be dismissed.

Petitioner submits objections to the Report and Recommendation.  (Doc. No. 15).  No response was filed by the Respondent.  For the reasons stated below, the Report and Recommendation is adopted as the Order of this Court.

## I. BACKGROUND AND THE PETITION

The Petitioner does not dispute he was convicted of four counts of rape in 1985 for which he served a sentence until his release from prison in August 2003.  *State v. Graves*, No. 13-COA-033, 2014 WL 1917450 (Ohio App.).  He was notified of his duty to register as a sex offender.  (*Id.*)

In April 2001, Petitioner began living in a trailer owned by his employer and he registered this address with the Ashland County Sheriff's Department.  Upon his move out of the trailer, in December 2011, he failed to notify the Sheriff's Department of this change.  By March of 2012, law

enforcement learned of Petitioner's new address and he was arrested the following month for violating conditions of his post-release control.

After his indictment for failing to register a change of address, his attorney successfully had the indictment dismissed pursuant to the authority of *State v. Howard*, 134 Ohio St.3d 467 (2012). In February 2013, the Petitioner was indicted again on one count of a failure to register notice of his change of address pursuant to Ohio Rev. Code § 2950.05(E)(1). A subsequent amended indictment expanded the time period for the charged offense. Following a jury trial, Petitioner was found guilty of the charge and sentenced to three years, with credit for time previously served, and up to three years of post-release control. (Doc. No. 14 at p. 3).

In her Report and Recommendation, the Magistrate Judge set forth Petitioner's three grounds for relief as follows:

1. [T]he trial court erred when it imposed the maximum sentence.

2. The trial court erred in sentencing [Graves] to the maximum sentence in prison[,] imposing an unnecessary burden on state and local resources.

3. [Graves] was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the [Ohio Constitution].

(*Id.* at p. 5).

The Report then addressed the procedural issue of jurisdiction. In June 2016, the Magistrate Judge requested supplemental briefing on the "sole issue of whether, for purposes of § 2254(a), Graves was 'in custody' under the conviction and sentence under attack herein, at the time he filed the Petition." (*Id.* at p. 6). Based upon those briefs[1] and her legal analysis, the Magistrate Judge determined there was jurisdiction over the petition as "Graves continues to experience 'collateral consequences' as a result of this conviction." (*Id.* at p. 9).

---

[1] The Petitioner was released on September 28, 2015 with no post-release control. (Doc. No. 12-2 at p. 3).

2

The Magistrate Judge then stated:

> Accordingly, the Court finds his release from state custody does not defeat this Court's jurisdiction over his first ground for relief, which attacks the constitutionality of his conviction. *Carafas*, 391 U.S. at 238. Graves' second and third grounds for relief, however, relate only to his sentence in Case No. 12-CR-019. As the parties agree that this sentence expired on September 28, 2015, it is recommended that Grounds Two and Three be dismissed as moot.

(*Id.*)

The Magistrate Judge set forth the legal standard for exhaustion and procedural default. (*Id.* at pp. 9-11). The Report then addressed Petitioner's Third Ground for relief, his claim aimed at ineffective assistance of trial and appellate counsel. The Magistrate Judge characterized these claims in four ways:

1. Trial counsel failed to move to suppress a statement Graves made to the police during which his *Miranda* rights were violated.

2. Trial counsel failed to subpoena any witnesses for trial, including Graves' co-workers and family members, who could have supported his defense.

3. Trial counsel failed to present an "entrapment" defense at trial.

4. Appellate counsel failed to raise on appeal claims of ineffective assistance of trial counsel, manifest weight of the evidence, or sufficiency of the evidence.

(*Id.* at p. 11).

In her Report, the Magistrate Judge addressed each of these points of contention and determined that they were procedurally defaulted. (*Id.* at pp. 12-15). She further found the Petitioner failed to offer argument to excuse the default. She concluded her analysis noting that "each of Graves' claims of ineffective assistance of counsel is procedurally defaulted and barred from federal habeas review." (*Id.* at p. 15). The Report then concludes with the recommendation the petition be dismissed.

While the Magistrate Judge inadvertently neglected to discuss the First Ground for Relief, having reviewed the Petition, Return of the Writ, and Traverse, I agree with her conclusion that the Petition should be dismissed in its entirety, including the First Ground for Relief.

The Ohio Appellate Court addressed Petitioner's First Ground for relief in his direct appeal. The relevant discussion by the Ohio appellate court is set forth as follows:

> {¶9} In his first assignment of error, appellant argues that the court erred in sentencing him to the maximum sentence. He argues that between his release from prison in 2003 and 2008, he was not charged with any crime and thus lived a law-abiding life for five years. He argues that his 2008 and 2013 convictions for failing to register are victimless crimes, and there is no indication that he acted in a sexually inappropriate way with any person following his 1985 rape convictions. He argues that the facts of this case do not warrant the maximum sentence.
>
> {¶10} The Supreme Court of Ohio in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, set forth a two step process for examining felony sentences. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at ¶ 4. If this first step is satisfied, the second step requires that the trial court's discretion be reviewed under an abuse of discretion standard. *Id.* An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Id.* at ¶ 19.

2014 WL 1917450 at *1-4. After setting for the factors in R.C. 2929.12 to be considered, the court determined:

> {¶40} The trial court's sentencing entry states that the court fully considered the provision of Revised Code Chapter 2929, the circumstances of the offense, the information contained in the pre-sentence investigation report, and the information furnished by the parties. Appellant was convicted of four counts of rape in 1985, and while in prison, was convicted of assault for attacking a prison guard. Appellant was convicted of failure to register a change of address in 2008, and sentenced to three years in prison. He was released in April of 2011, and by the end of that year appellant had committed the same crime a second time. Appellant expressed no remorse and continued to maintain at his sentencing hearing that he was innocent of this crime, and he was innocent in 2008. The trial court did not abuse its discretion in sentencing appellant to the maximum sentence of thirty-six months.

(*Id.*)

Based upon this analysis, I cannot find sentencing by the state court to violate Petitioner's constitutional rights nor does he demonstrate a due process error as to his sentence. As the Petitioner has failed to lodge objections to this portion of the Report, this constitutes a waiver of that issue. *See Thomas v. Arn*, 474 U.S. 140 (1985).

4

## II. OBJECTIONS

Objections by *pro se* litigants are to be interpreted leniently and liberally construed. *Erickson v. Pardus*, 551 U.S. 89 (2007). A petitioner must make specific objections to a magistrate's report in order to preserve his claims for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). These objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). *See also Austin v. Bedford Township Police Dep't*, 859 F.Supp.2d 883, 888 (E.D. Mich. 2011).

The Petitioner's objections take issue with the facts set forth in the Report which the Magistrate Judge took from the appellate court opinion. Petitioner also appears to challenge the fairness of his trial based on the jury pool as well as arguing aspects of his ineffective assistance of trial counsel. He requests that he be allowed to proceed forward with his case contrary to a finding of procedural default. His objections, however, do not discuss issues which would serve to excuse default. Accordingly, his objections are overruled.

## III. CONCLUSION

For the reasons stated above, the June 30, 2016, Report and Recommendation is adopted as the Order of this Court. (Doc. No. 14). The Petition is dismissed.

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right, but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). In this case, Graves' petition does not meet this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge